■ In the Matter of the Arbitration between ESSEX CONSTRUCTION CORP., Appellant, and PORT CHESTER ELECTRICAL CONSTRUCTION CORP., Respondent.— Order, entered on September 8, 1961, unanimously affirmed, without costs. The order appealed from denies petitioner's application to stay arbitration. The arbitration clause in the agreement between the parties, a contractor and subcontractor engaged on constructing a shopping center, provided for the arbitration of any "controversy or claim arising out of or relating to this agreement or the breach thereof, provision for the determination of which is not made elsewhere in this agreement". A precise, carefully formulated, and comprehensive formula is provided in this agreement for changes in the scope of the work by "increase or decrease"; and for determination of the amounts of extras and credits in respect of such changes. There is provision also for a determination by the owner of disputes over orders for increases or deletions in the work; and this on the face of it is not shown to be an unreasonable method of determining such questions. Respondent's brief describes the dispute here at issue as centering on "the valuation to be placed on the conceded changes, both extras and credits". The calculation of those valuations is fully prescribed in the contract; and the limitation in the arbitral clause to submissions where provision for determination is not made elsewhere, would circumscribe the scope of arbitration to determining whether the formula set up for extras and credits was followed by the parties; and whether the items in dispute fall within the scope of the contract provision for extras and credits. We affirm the order denying a stay of arbitration in part because it is not altogether clear whether

there are not disputes between the parties not falling within the prescribed formula in the agreement; but it is clear that if it be found that the disputed matters are within the formula, there is no power given the arbiters by the terms of the submission to find another formula for valuations. This specific arbitration clause, between these two parties prevails over another, and general arbitration agreement between the owner and the contractor incorporated by reference in the agreement between the contractor and subcontractor. Concur — Breitel, J. P., Valente, Stevens, Steuer and Bergan, JJ.